UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ORRIN TYLER COLBOURN,

            Petitioner,

    v.

UNKNOWN,

            Respondent.

No.  2:20-cv-0550 DB P

ORDER AND FINDINGS AND
RECOMMENDATIONS

       Petitioner is a county inmate proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner claims his 2018 conviction and sentence in the Butte County Superior Court.  For the reasons set forth below, the court will recommend that the petition be dismissed.

**IN FORMA PAUPERIS**

       Petitioner has not filed an in forma pauperis affidavit or paid the required filing fee ($5.00).  See 28 U.S.C. §§ 1914(a); 1915(a).  However, because the court will recommend that the petition be summarily dismissed, the court will not require petitioner to submit an in forma pauperis application or pay the filing fee.

////

////

////

1

1

**SCREENING**

2

## I.      Legal Standards – Screening

3

The court is required to screen all actions brought by prisoners who seek any form of

4

relief, including habeas relief, from a governmental entity or officer or employee of a

5

governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a habeas petition or portion

6

thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis

7

on which habeas relief may be granted.  28 U.S.C. § 1915A(b)(1), (2).  This means the court must

8

dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that

9

the petitioner is not entitled to relief[.]"  Rule 4 Governing Section 2254 Cases.

10

Rule 11 of the Rules Governing Section 2254 Cases provides that "[t]he Federal Rules of

11

Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these

12

rules, may be applied to a proceeding under these rules."  Drawing on the Federal Rules of Civil

13

Procedure, when considering whether a petition presents a claim upon which habeas relief can be

14

granted, the court must accept the allegations of the petition as true, Erickson v. Pardus, 551 U.S.

15

89, 94 (2007), and construe the petition in the light most favorable to the petitioner, see Scheuer

16

v. Rhodes, 416 U.S. 232, 236 (1974).  Pro se pleadings are held to a less stringent standard than

17

those drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972), but "[i]t is well-settled that

18

'[c]onclusory allegations which are not supported by a statement of specific facts do not warrant

19

habeas relief.'"  Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) (quoting James v. Borg, 24

20

F.3d 20, 26 (9th Cir. 1994)).  See also Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002) ("Pro

21

se habeas petitioners may not be held to the same technical standards as litigants represented by

22

counsel."); Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) ("[T]he petitioner is not entitled

23

to the benefit of every conceivable doubt; the court is obligated to draw only reasonable factual

24

inferences in the petitioner's favor.").

25

## II.      The Petition

26

Upon review of the petition (ECF No. 1) and petitioner's other filings (ECF Nos. 4, 5, 6,

27

7) in this action, it appears that the sole ground for relief alleged in this action is that petitioner's

28

sentence should be reduced based on a change in California law.  Petitioner challenges his 2018

1    conviction for carrying a concealed dirk or dagger in violation of California Penal Code § 21310

2    in the Butte County Superior Court.  (ECF No. 1 at 3.)  The trial court also found true four prior

3    prison term enhancements pursuant to California Penal Code § 667.5.  The court sentenced

4    petitioner to three years for the underlying offense, stayed one of the enhancements, and imposed

5    a one-year prison term as to each of the remaining three enhancements.

6    **III.    Habeas Relief is not Available for Errors of State Law**

7           The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes "a highly

8    deferential standard for evaluating state-court rulings," requiring "that state-court decisions be

9    given the benefit of the doubt."  Woodford v. Visciotti, 537 U.S. 9, 24 (2002) (quoting Lindh v.

10   Murphy, 521 U.S. 320, 333 n.7 (1997)).  Section 2241(c) provides that habeas corpus shall not

11   extent to a prisoner unless he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a)

12   states, "a district court shall entertain an application for a writ of habeas corpus in behalf of a

13   person in custody pursuant to a judgment of a State court only on the ground that he is in custody

14   in violation of the Constitution or laws or treaties of the United States."  See also Rule 1 to the

15   Rules Governing Section 2254 Cases in the United States District Court.  "[F]ederal habeas

16   corpus relief does not lie for errors of state law."  Estelle v. McGuire, 502 U.S. 62, 67 (1991)

17   (citations omitted).  "[E]rrors of state law do not concern us unless they rise to the level of a

18   constitutional violation."  Oxborrow v. Eikenberry, 877 F.2d 1395, 1400 (9th Cir. 1989).

19          The Supreme Court has held that "the essence of habeas corpus is an attack by a person in

20   custody upon the legality of that custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  To

21   succeed in a petition pursuant to Section 2254, a petitioner must demonstrate that the adjudication

22   of his claim in state court "resulted in a decision that was contrary to, or involved an unreasonable

23   application of, clearly established Federal law, as determined by the Supreme Court of the United

24   States; or resulted in a decision that was based on an unreasonable determination of the facts in

25   light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1), (2).  A

26   federal court can grant habeas relief only if the petitioner has demonstrated that the state court

27   violated the United States constitution or federal law.  Swarthout v. Cooke, 562 U.S. 216, 219

28   (2011).

3

1   "Absent a showing of fundamental unfairness, a state court's misapplication of its own

2   sentencing laws does not justify federal habeas relief." Christian v. Rhode, 41 F.3d 461 ,469 (9th

3   Cir. 1994) (citation omitted).  To state a cognizable federal habeas claim based on a claimed state

4   sentencing error, a petitioner must show that such an alleged state sentencing error was "'so

5   arbitrary or capricious as to constitute an independent due process'" violation.  Richmond v.

6   Lewis, 506 U.S. 40, 50 (1992) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)); see also

7   Moore v. Chrones, 687 F.Supp.2d 1005, 1041 (C.D. Cal. 2010) (claim of state sentencing error

8   not cognizable unless error so arbitrary and capricious as to rise to level of due process violation

9   (citing Richmond, 506 U.S. at 50)).

10   **IV.     Petitioner's Claim is Moot and Non-Cognizable**

11   After petitioner was sentenced, but before his conviction became final, California

12   amended Penal Code § 667.5, subdivision (b) to eliminate the one-year prior prison term

13   enhancement for most prior convictions.  See People v. Blinn, No. A156447, 2020 WL 4462155,

14   at *1 (Cal. Ct. App. Aug. 4, 2020) ("[E]ffective January 1, 2020, that statute was amended to

15   make the one-year enhancement available only if the prior prison term was served for a sexually

16   violent offense.").  Additionally, after petitioner filed the instant petition, the Third District Court

17   of Appeal issued a ruling on petitioner's direct appeal. [1] People v. Colbourn, C087423, 2020 WL

18   2028303, (Cal. Ct. App. Apr. 28, 2020).  In ruling on petitioner's appeal, the Third District Court

19   of Appeal, held that petitioner's enhancements must be stricken because the amended law applied

20   to his case.  Id. at *2.

21   Petitioner has alleged that due to a change in California law his sentence should be

22   reduced.  A mere error by a state court in the interpretation or application of its own state's

23   sentencing laws, without more, is not a cognizable ground for relief in a federal habeas corpus

24   proceeding.  See, e.g., Lewis, 497 U.S. at 780 ("federal habeas corpus relief does not lie for errors

25   of state law"); Hendricks v. Zenon, 993 F.2d 664, 674 (9th Cir. 1993) (rejecting federal habeas

26   _____

27   [1] Court records indicate that petitioner's direct appeal was still pending before the California
Court of Appeal for the Third Appellate District when he filed the instant petition.  Thus, it
appears that petition is unexhausted.  However, because the court has determined that the sole
ground alleged in the petition is not cognizable, it does not need to address exhaustion.

28

claim that sentencing court erred when it failed to "merge" multiple convictions under state law because "[t]here is no federal Constitutional right to merger of convictions for purposes of sentencing," and Petitioner's claim was "exclusively concerned with state law and therefore [was] not cognizable in a federal habeas corpus proceeding" (bracketed material added) ); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (whether assault with deadly weapon was serious felony under state enhancement statute was state law question not cognizable on federal habeas review)..  Petitioner may not "transform a state-law issue" into a federal one merely by labeling it a constitutional violation.  Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (as amended Apr. 14, 1997).  The court finds that allegations in the petition are not cognizable in federal habeas proceedings because the sole ground alleged states nothing more than a state law error.

Additionally, California Appellate Court records[2] show that the Third District Court of Appeals granted petitioner such relief.  Because petitioner has already been granted the relief he requested, this case is now moot and the court does not have jurisdiction.  Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70 (1983) ("Federal courts lack jurisdiction to decide moot cases").  Because petitioner alleged only an error of state law and he has already been granted the relief sought the court will recommend that the petition be dismissed.

**V.      Conclusion**

Accordingly, the Clerk of the Court is ORDERED to randomly assign this action to a District Judge.

IT IS HEREBY RECOMMENDED that the petition be dismissed for the reasons set forth above.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, petitioner may file written objections

---

[2] A court may take judicial notice of its own records and the records of other courts.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1    with the court and serve a copy on all parties. The document should be captioned "Objections to

2    Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file

3    objections within the specified time may result in waiver of the right to appeal the district court's

4    order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

5    Dated:  August 11, 2020

8                                        DEBORAH BARNES
                                         UNITED STATES MAGISTRATE JUDGE

16   DB:12
     DB:1/Orders/Prisoner/Habeas/colb0550.scrn

6